FILED
SUPERIOR COURT
OF GUAM

2014 FEB 28 AM 8: 43

CLERK OF COURT
BY

**IN THE SUPERIOR COURT
OF GUAM**

| | |
|---|---|
| JESSE MICHAEL A. LUJAN, | Civil Case no. CV0861-10 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| JEFF MARCHESSEAULT, KTKB DIGITAL MEDIA CORPORATION and coconspirators DOES 1 through 9, | |
| Defendants. | |

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Plaintiff's Motion to Exclude Tardy Discovery Material from Evidence at Trial was taken under advisement on February 3, 2014. The Plaintiff was represented by attorney Curtis C. Van de veld. Defendant KTKB Digital Media Corporation ("KTKB") was represented by attorney Delia Lujan Wolff. After considering the matters presented, the Court now issues the following decision and order denying Plaintiff's motion to exclude.

## BACKGROUND

The instant matter arises out of a complaint filed by the Plaintiff on June 3, 2010. In the complaint Plaintiff asserts a claim for defamation by libel and slander and/or negligent defamation. The complaint alleges that Defendants caused to be published, in a televised news broadcast, a picture of Plaintiff and statements imputing that Plaintiff was in contempt of court

for failing to make payments to Bernadita Duenas.

On November 13, 2013, Plaintiff filed a motion to exclude. In it Plaintiff requests that the Court enter an order excluding from trial Defendant KTKB's recently provided, November 8, 2013, discovery material. In support of this request Plaintiff cites to the February 25, 2011, initial discovery deadline, the July 29, 2011 date of Plaintiff's First Request for Production of Documents and Defendant KTKB's September 14, 2011 answer to these first requests. Plaintiff argues that based upon the dates of the materials provided by Defendant KTKB that they were reasonably available prior to their November 2013 disclosure and were withheld for an improper purpose. Plaintiff cites to a party's rule 26(e) duty to supplement in the Guam Rules of Civil Procedure and several U.S. Federal Circuit decisions where untimely discovery was excluded from trail. Plaintiff requests that the evidence be excluded and that the Court award Plaintiff the attorney fees expended in bringing this motion.

On December 11, 2013 Defendant KTKB filed its opposition to Plaintiff's motion. Defendant asserts that it was not in possession or control of the documents at issue at the time Plaintiff made its discovery request and that it did not obtain them until November 7, 2013. Defendant argues that its lack of possession or control of the documents along with Plaintiff's failure to cite any fact which supports a contrary conclusion, justify a denial of its request.

In the alternative Defendant argues that its failure to produce the documents is harmless error, it having maintained its non-ownership and non-operation of the news show from the start of litigation. In support of this argument it cites to papers filed by the Plaintiff. As to the magazine excerpts, Defendant argues that because the evidence is limited for impeachment purposes they were not required to be disclosed. It also argues that as they were made with knowledge of the Defendant and because they were produced in Superior Court of Guam Probate Case no. PR0064-05, Plaintiff cannot argue surprise. Defendant distinguishes the U.S.

Federal Circuit Cases cited by the Plaintiff by asserting that they involved the disclosure of expert discovery material or disclosures made during cross-examination at trial. It asserts that Plaintiff has had one-month to review the material and that there is currently no trial date set and therefore argues that Plaintiff will have been given adequate time to prepare.

Plaintiff did not file a reply to Defendant KTKB's opposition motion.

## DISCUSSION

Rule 26(e) of the Guam Rules of Civil Procedure regulates a party's duty to supplement its discovery responses. Guam R. Civ. P. 26(e)(2010). It provides,

> (e) Supplementation of Disclosures and Responses. A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
> (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.
> (2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

*Id.* Interpreting this rule the Guam Supreme Court held, "[t]he Rules of Civil Procedure do not specify the appropriate sanction for a violation of GRCP 26(e)(1)(B). However, courts operating under the Federal Rules, as enacted in Guam, consistently hold that a trial court has the discretion to exclude a witness's testimony as a sanction for a party's failure to identify the witness in interrogatories or supplemental interrogatories." *B.M. Co. v. Avery*, 2001 Guam 27 ¶

23. The Court is not persuaded, based upon the above standards and recognition of discretion that Plaintiff's conduct in this case merits sanction. *Id.*

On July 29 2010, Plaintiff propounded upon Defendant KTKB the following discovery requests,

1. Please provide a copy of each and every document in your possession that supports, or tend to support each and every denial contained in your answer dated June 23, 2010.
2. Please provide a copy of each and every document in your possession that supports or tend to support any affirmative defenses you may have to the allegations and claims made against you.

Opp. at 2. Plaintiff argues that Defendant KTKB's supplemented answers to Plaintiff's July 29, 2010, answers were sanctionably dilatory. Mot. at 7. These requests were not narrowly tailored to acquire any specific information or documents but were on their face very broad. *Id.* Because of the breadth of the request, the contents and subject of the material provided, the Court, absent some further assertion of facts supporting some dilatory motive, is not prepared or able to find that Defendant had a duty to produce information that was not within its possession or control.

## CONCLUSION

The Court DENIES the Plaintiff's motion to exclude.

SO ORDERED, this 28 day of ___FEB.___ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:
C. VANDEVELD
D. WOLFF
Date: 2/28/14  Time: 9 AM

Deputy Clerk, Superior Court of Guam